

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-13-2005

# Manan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2430

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Manan v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1197.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1197

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2430

———

ABDUL MANAN

Petitioner

v.

ALBERTO GONZALES,
Attorney General of the United States; ANDREA
QUARANTILLO, as District Director for the Immigration
and Naturalization Services

Respondent

———

Petition for Review of an Order
of the Board of Immigration Appeals
(No. A78-635-748)

———

Submitted Under Third Circuit LAR 34.1(a)
Date: May 13, 2005

Before: SLOVITER, FISHER, and ALDISERT, Circuit Judges

(Filed: May 13, 2005)

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

Abdul Manan, a citizen of Afghanistan, files a petition for review from a final order of the Board of Immigration Appeals ("BIA"), reversing the Immigration Judge's ("IJ's") decision granting asylum. We must decide whether substantial evidence supports the BIA's determination that: (1) the Taliban no longer governs Afghanistan and that this rebuts the presumption of past persecution; (2) Manan failed to establish a well-founded fear of future persecution on account of his Pashtun ethnicity or an imputed pro-Taliban political opinion; (3) Manan failed to show eligibility for Convention Against Torture ("CAT") protection; (4) Manan failed to show eligibility for withholding of removal; and we must also decide (5) whether we have jurisdiction to consider: (i) Manan's claim of humanitarian asylum; and (ii) improper fact finding by the BIA. We have jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1252.

This case was previously before us and was sent back to the BIA to make modern findings on the situation in Afghanistan. The IJ and the BIA complied with our directions. This petition follows. We will deny the petition.

I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the

2

discussion.

## II.

The burden of proof is on the alien to establish eligibility for asylum and withholding of removal. 8 C.F.R. §§ 208.13(a) and 206.16(b) (2004); INS v. Stevic, 467 U.S. 407, 411 n. 16 (1984). Factual determinations underlying the decision of the agency are reviewed under the "deferential substantial evidence standard articulated in INS v. Elias-Zacarias, 502 U.S. 478 (1992)." Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001).

This Court "will uphold the agency's findings of fact to the extent they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole'" Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir. 1998).

To establish his status as a refugee, Manan must demonstrate that he is unable or unwilling to return to Afghanistan "because of persecution or well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). To establish a well-founded fear of persecution, an alien must demonstrate that he or she subjectively fears persecution and that this subjective fear is "buttressed by objective evidence that a reasonable person in [his] circumstances would also fear persecution." Abdille, 242 F.3d at 495-496.

3

III.

Manan contends that although the Taliban is no longer in power, there are certain areas in Afghanistan where Manan fears persecution from pro-Taliban warlords and remnants of the Taliban militia still in Afghanistan. The BIA's determination that the Taliban regime has fallen and that the threat from isolated bands of Taliban militia is not significant is supported by substantial evidence in the record.

Manan fears also former Mujahadin or anti-Taliban persecution from other ethnic groups because of his Pashtun ethnicity. On remand, the IJ accepted this as a basis for asylum. The IJ concluded that there was not enough evidence of a pattern or practice of persecution against Pashtuns but there had been isolated incidents of such persecution in the north of Afganistan. The IJ noted, however, that Manan's previous forced association with the Taliban established an independent well-founded fear of future persecution "by the ethnically based parties and their militias" that the government of Afghanistan was unwilling or unable to control. (IJ Op. at 2.) The IJ did not accept fear of persecution because of Pashtun ethnicity as a basis for CAT protection because of the "limited possibility of migration out of the northern areas which may mitigate the likelihood that respondent may be targeted for harm." (IJ Op. at 2.)

The BIA reversed the IJ, noting that Manan originates from Kandahar which is one of the southernmost provinces in Afghanistan, that he has never lived anywhere else in Afghanistan and does not plan to live anywhere else. The BIA concluded that the record

lacks any evidence of violence against Pashtuns in Kandahar. Further, Pashtuns constitute Afghanistan's single largest ethnic group and are dominant in the Kandahar region. The determination that Manan does not have a well-founded fear of persecution because of his Pashtun ethnicity is supported by substantial evidence in the record.

IV.

In asserting a claim under CAT, "The burden of proof is on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16 (c)(2); see Dia v. Ashcroft, 353 F.3d 228, 233 n. 1 (3d Cir. 2003).

"Torture" under CAT is defined as:

[A]ny act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1).

The burden is on Manan to establish a likelihood that he would be tortured if removed to Afghanistan. The BIA determined that Manan failed to present any evidence of torture by the current Afghan government. This determination was supported by substantial evidence in the record.

5

V.

An alien who seeks withholding of removal must show that his or her "life or freedom would be threatened" on account of one of the five grounds enumerated in 8 U.S.C. § 1101(a)(42)(A). 8 U.S.C. § 1231(b)(3)(A). To show that his or her life or freedom would be threatened, the alien must establish a "clear probability" of persecution. Stevic, 467 U.S. at 413. Under the clear probability standard, an alien must prove that it is "more likely than not" that he or she would be subject to persecution on account of one of the five statutory grounds. Id. at 429-430.

Substantial evidence supports the BIA's denial of Manan's claim for withholding of removal because Manan has not provided evidence of a likelihood that his life would be threatened on account of one of the five enumerated grounds as required.

VI.

The statute governing jurisdiction over this case bars review where an alien fails to exhaust his administrative remedies. 8 U.S.C. § 1252(d)(l); Abdulrahman v. Ashcroft, 330 F.3d 587, 594 (3d Cir. 2003).

Manan's case has spanned over three years and has been heard before an IJ and the BIA on two separate occasions. In the proceedings below, Manan never raised a claim of "humanitarian" asylum. Instead, he has attempted to raise this new claim for the first time before this Court. We will not exercise jurisdiction over this claim.

VII.

We also lack jurisdiction to consider Manan's contention that the BIA engaged in improper de novo fact-finding. Manan failed to exhaust his administrative remedies by filing a motion to reconsider with the BIA as required by 8 U.S.C. § 1252(d)(1).

\* \* \* \* \*

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary.

The petition for review will be denied.